FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 27, 2020

SEAN F. MCAVOY, CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

Alberto Alvarez
_(Name of Plaintiff)_

1:20-CV-3071-SAB

**vs.**

Yakima County Department of corrections,
Yakima County, Chief Himes, Cpr. Choate,
Corrections officer Campos, Lt. C Freeburg,
Lt. Bill Splawn, Sgt. M Keagle,
Sgt. M Blake J13
_(Names of ALL Defendants)_

CIVIL RIGHTS COMPLAINT
BY A PRISONER UNDER 42
U.S.C. § 1983

## I.  Previous Lawsuits

A. Have you brought any other lawsuits in any federal court in the United States while a prisoner?     ☒ YES     ☐ NO

B. If your answer to A is yes, how many? ___2___ Describe the lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.)

1. Parties to this previous lawsuit:

Plaintiff: Alberto Alvarez _____

_____

Defendants: Yakima Police Department, City of Yakima, Travis shephard YPD, Claudia Padilla shephard YPD, Jeff Schaap WSBA# 41984, Paul Webber WSBA# 45262, Yerica Mevaz (co-conspirator)

(Rev. 11/09)

2. Court (give name of District): *District Court Eastern District*

3. Docket Number: *1:20-CV-3057-SAB*

4. Name of judge to whom case was assigned: *Stanley A. Bastian*

5. Disposition (For example: Was the case dismissed as frivolous or for failure to state a claim? Was it appealed? Is it still pending?):

*Pending*

6. Approximate date of filing lawsuit: *May 6th 2020*

7. Approximate date of disposition: *N/A*

II. **Place of Present Confinement:** *YCDOC*

A. Is there a prisoner grievance procedure available at this institution? ☒ YES    ☐ NO

B. Have you filed any grievances concerning the facts relating to this complaint?
   ☒ YES    ☐ NO

   If your answer is NO, explain why not: _____

   _____

C. Is the grievance process completed?    ☒ YES    ☐ NO

D. Have you sought other informal or formal relief from the proper administrative officials regarding the acts alleged in this complaint?    ☒ YES    ☐ NO

   If your answer is NO, explain why not: _____

   _____

III. **Parties to this Complaint**

A. Name of Plaintiff: *Alberto Alvarez*    Inmate No.: *12887*

   Address: *111 N. Front Street, Yakima, WA 98901*

(In Item B below, place the full name of the defendant, his/her official position, and his/her place of employment. Use Item C for the names, positions and places of employment of any additional defendants. Attach additional sheets if necessary.)

B. Defendant: *Choate*    Official Position: *Corporal*

   Place of Employment: *Yakima County Department of corrections*

-2-

2. Parties to this previous lawsuit:

plaintiff: Alberto Alvarez

Defendants: Yakima Police Department, Mark Williams YPD #7479, Ryan Avery YPD #7849, D. Diaz YPD#6719, WA State DPA Brook Wright WSBA #41212, and Yerica Meraz

Docket No. 1:19-CV-03272-SAB

C. Additional Defendants (NOTE: These Defendants must be listed in the caption of the Complaint.): _____

_____
_____
_____
_____

**IV    Statement of Claim**

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates, places and other persons involved. Do not give any legal arguments or cite any cases or statutes. If you allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets if necessary.)

The Plaintiff Alleges the folling Constitution Violations done to him by defendants:

6th Amendment Violation:
`Right to self representation´
The Yakima County Jail has prevented Plaintiff from adequat law library time in order to properly prepare for pending cases. The Jail has also prevented Plaintiff from participating in current federal lawsuits with Stanley A. Bastian by placing him in the hole and framing Plaintiff of alleged "contraband" found near Plaintiff.
8th Amendment Violation:
`Cruel and unusual Punishment´

Upon Plaintiff making several assertions to filing a federal lawsuit for; Social Distancing Violations, lack of law library, harrassment prior to 5/10/2020, the Yakima County Jail retaliated against Plaintiff and falsified charges against him in order to deprive him of basic need and throw him in the hole to prevent him from participating in pending litigation.

_____ please see attached pages

**V.   Relief**

(State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.)

Disiplinary action for responsible officers. Reversal of DOC charges. Access to law library on regular schedule. Pain and suffering compensation for each day thrown in the hole for infractions I did not commit to be determined at trial. To be placed back into Annex pending charges/Appeal. Injunctive Relief

I declare under penalty of perjury that the foregoing is true and correct.

Signed this ___20___ day of ___May___, 20_20_.

_____
(Signature of Plaintiff)

-4-

Sometime in the begining of May 2020 Plaintiff requested to move from bunk 2, to bunk 72 to medical and medical declined. On another kite request plaintiff filed a grievance to Freeburg requesting to move to bunk 72 from bunk 2 regarding social distancing issues in Govenor Islee State of emergency order and stressed scrutiny if Freeburg did not allow this. Lt. Freeburg refused and moved Plaintiff without formal notice to bunk 12. On 5-8-2020 around 7:00 am, Corporal Choate woke up Plaintiff and demanded he be moved to bunk 12 and stated plaintiff was never suppost to be on bunk 2. Plaintiff made a complaint to cheif Himes on the kite and told Himes that if Plaintiff gets moved to the hole that Plaintiff will file a lawsuit. Freeburg responded saying that Plaintiff will not be moved to the hole and that Plaintiff is being moved to bunk 12 alleging Plaintiff made threats of Legal action for not enforcing social distancing and that inmates do not "Pick their bunks" which is untrue since inmates pick their own bunks all the time. And out of 74 bunks per unit, there is only 20-27 total inmates depending on the day. There is clusters of congested inmates during this CoVID-19 epidemic.

The next day on 5-9-2020 Plaintiff received Legal Mail from District Court Eastern District of Washington as to which an officer opened it and pulled out paperwork and glanced at it for over

One Minute. It was a filed Federal Lawsuit by Plaintiff Case No. 1:20-cv-3057-SAB. One day later on 5-10-2020 a shakedown of the unit occurred at 9:00 am, which all inmates were told to go outside. Plaintiff asked corporal Choate if plaintiff can bring my attorney client privelidge paperwork outside and he said it will not be opened. Upon re-entering the unit Plaintiff noticed all of his legal paperwork was opened and gone through. Right away at 10:44 am Plaintiff filed a grievance stating Corrections officers are not exempt from attorney client priviledge and to expect a lawsuit. Sgt. Keagle promply responded 20 minutes later alleging "Meth" along with other items were found at Plaintiffs bunk. Sgt. Keagle quickly closed the kite and Plaintiff opened a new grievance citing request No. 1328617 affirmatively denying alligations as to which Sgt. Blake received Message, then switched recieving users to Lt. Bill Splawn on 5-11-2020 who already made a conclusionary biased finding on Plaintiff 3 days before having a hearing with Sgt. Blake who denied having any knowledge of incident up until the hearing on 5-14-2020, but the kite login info will show she lied.

Upon Plaintiff being removed from C tank annex and sent to the 4th floor for classification, Plaintiff affirmatively requested a Urine Anylisis but was refused multiple times on the day of incident,

to internal affairs, and to Medical Kite request on 5-11-2020. Plaintiff made a grievance on 5-11-2020 requesting a Urine analysis, and certified lab test results on alleged drugs found and video evidence with an attorney present. Sgt. Keagle responded stating that because criminal charges are not being issued a "UA is irrelevant" and that Plaintiff cannot have an attorney present. Sgt. Keagle refused to acknowledge certified testing and denied Plaintiff of video evidence.

, On 5-13-2020 Plaintiff was served Hearing papers for Incident No. 2005101 with no dates or time or supervisor information filled out or signed at the bottom of the pages. Service of issuance of "Notice of Hearing" is improperly serviced upon Plaintiff.

Absolutly no evidence of any kind was presented at the 5-14-2020 hearing. After finding of guilt Plaintiff was advised he could make an appeal request which Lt. Bill Splawn responded to on 5-18-2020 rejecting Plaintiff telling him "I find you were given due process," and rejected my appeal.

On Multiple Occassions since the date of incarceration of 2-21-2020, chief Himes, Lt. Freeburg, officer Campos, and a few other officers have taken Plaintiff out of his unit and threatened him in person to stop what he is doing regarding his legal proceedings

3

and if Plaintiff doesn't that things will start getting tougher for plaintiff. Officer Compos took Plaintiff out of his unit on 5-8-2020 to ask Plaintiff questions on how Corporal Choate was harrassing Plaintiff. Another officer took Plaintiff out of his unit and told him that he is going to mess with the wrong officer and problems will start coming towards Plaintiff. A confidential officer told Plaintiff that cheif Himes is harrassing Plaintiff because cheif Himes Never comes to the Jail from his office unless another agency advises him to. The Law Library never works on the endevo tablets, and although Plaintiff is finally scheduled for 5 day a week for law library on the laptops, he has only used them 4 or 5 times total.

The County Jail is displaying repetative harrassment conduct to plaintiff. Plaintiff is in fear for his life being singled out by various corrections officers. Plaintiff has a constitutional right to participate in his own legal proceedings without harrassment by the Yakima County department of corrections and individual officers. This harrassment is retaliation by the county because plaintiff's pending lawsuits against agencies the YCDOC directly works with. The YCDOC Generates income from every inmate arrested by the agencies Plaintiff has lawsuits against.

4

# Yakima County Department of Corrections
## Notice of Hearing

Inmate's Copy

To: **Alvarez, Alberto**          4 B  #12                    200510J01

You have been charged with violating one or more rule of the Yakima County Department of Corrections.  Details of those charges appear on the Serious Infraction Report, which is attached to this Notice.

| A Disciplinary Hearing Board made up of Officer(s) will determine your guilt or innocence in this or these matters based on a preponderance of evidence. Your hearing is scheduled for the date & time below. |
|---|

| Date: | **3/10/20** | | Date of Incident |
|---|---|---|---|
| Date: | **3/14/20** | Time: TBD | Date of Hearing / Head of the Board Shift Sergeant |

You are being given this advance notice in order to allow you time to prepare a defense as to the above listed charge(s). You will have the following rights concerning this hearing:

1. The right to be present at the hearing except for decisional deliberations. Your specific rights in the hearing are outlined in detail in the inmate handbook.  If you do not have access to a copy of the handbook, ask any officer for a copy and you will be given one.

2. The right to call witnesses from the list submitted 24 hrs. prior to the hearing and present any documentary evidence relevant to this case, provided that doing so will not be unduly hazardous to this facility's safety or correctional goals.

3. The right to have another person (non-lawyer) represent and/or assist you in your defense, as needed under certain circumstances. (Representatives will be appointed by the Head of the Board)

4. The right to receive a written statement from the Hearing Board as to the findings of the Board and the reasons for such findings, including sanction when applicable.

5. The right provided for under the Fifth Amendment of the US Constitution, against self-incrimination.

**You will not have the following rights concerning this hearing:**
1. **To confront or cross-examine witnesses against you.**
2. **To have legal counsel or an attorney present at the hearing.**
If there are reasons why you need to have another person represent you, or if you do not understand the charge(s) against you, or if you do not understand the functions of the disciplinary hearing, then contact the head of the Disciplinary Board (listed above), prior to the hearing.

You may have a right to have a staff member or other person appointed to assist you in the hearing process.  If you wish to be considered for appointment of an assistant, then contact the head of the Disciplinary Board (listed above), prior to the hearing.
[    ] Yes, I wish to have an assistant appointed to help me in the hearing.

| This notice served by Officer: | |
|---|---|
| Date: | Time: |

I have read this notice or had its contents read to me in a language I understand and I understand the contents of the notice.

# Yakima County Department of Corrections

*Notice of Hearing*

| | |
|---|---|
| Signature of inmate: | |
| This notice served by Officer: | |

| | | | | |
|---|---|---|---|---|
| Date: | Time: | | | |
| The Inmate served understands English: | Yes | | No | |
| The Inmate served understands this notice: | Yes | | No | |

[    ] Date and Time notice and attachments were given to inmate:

| | | |
|---|---|---|
| Date: | Time: | Officer Signature: |

[    ] Inmate refused to sign notice [      ] (Officer's Initials)

| | | |
|---|---|---|
| Date: | Time: | Witness Signature: |

## Inmate Refusal to Attend Hearing

| | |
|---|---|
| Inmate name: | |
| Booking #: | |
| Today's date: | |
| Incident #: | |

*On _____ [date] at approximately _____ [time] I attempted to bring the above-named inmate to a scheduled disciplinary hearing. The inmate refused to come to the hearing. I advised the inmate should he/she refuse to attend the hearing, the hearing would proceed in his/her absence and that depending on the evidence presented at the hearing, he/she may be found guilty of the charges and a penalty imposed. Upon being so advised, the inmate still refused to attend the hearing. The inmate gave the following statement or reasons for refusing:*

_____
_____
_____
_____
_____

| | |
|---|---|
| Date: | Hearing Officer: |
| Date: | Witnessing Officer: |

# Yakima County Department of Corrections

*Notice of Disciplinary Hearing Infraction Report*

This form is intended to be used for Serious Infractions. It is also to be used for Major infractions when the citing officer recommended their enhancement. This form assumes it will often be introduced in the hearing as evidence.

To be prepared by the staff member reporting the violation. List more than one infraction on this form only when the infractions arise out of a single incident.

| | |
|---|---|
| Inmate name: | **Alvarez, Alberto** |
| Booking #: | 20J-01717 |
| Today's date: | 5/13/2020 |
| Infraction date: | 5/10//2020 |
| Incident #: | 200510J01 |

You, (above named inmate) are charged with violating the following inmate rule(s) and or regulation(s):

| Serious Infraction #: | **314 Possessing or concealing drugs or drug para.** |
|---|---|
| Serious Infraction #: | **235 Possessing Tattooing material (bare razor blade and pencil lead shavings).** |

| | |
|---|---|
| | ***Supervisor Prehearing Review*** |

I have reviewed the following material on the charges in the above referenced report:

[   ] Infraction Report        [ x ] Incident Report    [ x ] Other (specify) VIDEO

Based on the review of the above material, I find:

[   ] The material is inadequate:
- The following charges are dismissed.

_____

[   ] Charges are suspended pending the following corrective action (specify):

_____

[ x ] Material is sufficient to suggest an infraction was committed. Hearing may proceed.

Enhanced charges: Based on my review of the above material [   ] I find, [   ] I do not find reason to believe the following infractions may have been committed in a way that seriously endangered a person or property or created a serious risk of facility security and therefore enhance the indicated infractions to the next higher level ( Major infraction to a Serious infraction) [List enhanced infractions]

_____

_____

Note: Enhancement of infractions through the use of this form does not amount to proof that grounds for enhancement exists. Grounds for enhancement must be proven through evidence introduced and considered at the hearing or through admissions of the inmate. When enhancement recommendations are denied, the matter should be returned back to the requesting officer for disposition.

| Date: | Supervisor: |
|---|---|
| | |

| Request Number: | 1228272 | Submitted: | 5/8/20  6:57 am |
|---|---|---|---|
| Inmate Number: | 012887 | Type: | GRIEVANCES |
| Inmate Secondary Number: | | Sub Type: | GRIEVANCES |
| Inmate Name: | ALVAREZ, ALBERTO | | |

| Initial Location: YDOC-MJ ANNEX C ANNEX C | Current Location: YDOC-MJ 4-B 4-B Room 05 |
|---|---|

**Stamp    Action    Detail**                                                        **User**

**5/8/2020  6:57:01AM**
ORIGINAL REQUEST:
ATTN CHEIF HIMES/ LT. FREEBURG MOVED ME TO BUNK 12 WITHOUT MY PERMISSION WHEN BUNK 2
HAS BEEN MY BUNK SINCE AFTER THE 3/23 BREAKOUT. I REQUESTED TO BE MOVED TO BUNK 72
NOT BUNK 12. IF I GET MOVED TO THE HOLE BECAUSE OF THIS I WILL BE FILING A LAWSUIT. MOVE
ME BACK TO BUNK 2. CONSIDER THIS NOTED

**5/8/2020  7:00:26AM**
INMATE RESPONSE:
TODAYS CORPORAL IS STARTING TO HARA** ME ABOUT THIS AND TOLD ME I WAS NEVER SUPPOST
TO BE ON BUNK 2

**5/8/2020  7:05:53AM**
INMATE RESPONSE:
I DEMAND TO SPEAK WITH THE DIRECTOR

**5/8/2020  3:39:36PM**                                              CFREEBURG
CLOSED:
You are not being moved to the hole but you will move to bunk 12 because of the concerns you have with social
distancing. Inmate dont pick their bunks the officers do and I moved you to bunk 12.. You threatened us with a
lawsuit for not enforcing social distancing, so you were moved.  You cant have it both ways Inmate Alvarez. Lt
Freeburg

# Request Report - CLOSED

| | | | |
|---|---|---|---|
| Request Number: | 1228611 | Submitted: | 5/10/20 10:44 am |
| Inmate Number: | 012887 | Type: | GRIEVANCES |
| Inmate Secondary Number: | | Sub Type: | GRIEVANCES |
| Inmate Name: | ALVAREZ, ALBERTO | | |

Initial Location: YDOC-MJ ANNEX C ANNEX C          Current Location: YDOC-MJ 4-B 4-B Room 12

Stamp   Action   Detail                                                  User

5/10/2020  10:44:01AM
ORIGINAL REQUEST:
ALRIGHT TODAY MY LEGAL MAIL WAS GONE THROUGH, THIS IS ATTORNEY CLIENT PRIVELIDGE. EXPECT A LAWSUIT TO BE FILED FOR RETALIATION BY THE JAIL. THE CORPORAL SAID MY LEGAL MAIL WOULD NOT BE GONE THROUGH AND HE BLAITENLY LIED. KEEP YOUR NOSEY EYES OUT OF MY LEGAL MAIL. THE LAW OFFICE OF NEILSEN ON KOCK HAS BEEN MADE AWARE OF THIS ABUSE

5/10/2020  10:59:14AM
INMATE RESPONSE:
YAKIMA COUNTY CORRCTIONS OFFICERS ARE NOT EXEMPT FROM ATTORNEY CLIENT PRIVELIGE. IF YOU WANT TO QUESTION ME MAKE SURE MY ATTORNEY IS PRESENT THIS TIME AND ON RECORD.

5/10/2020  11:20:50AM                                        MKEAGLE
CLOSED:
Mr. Alvarez, during a shake down we can and will look at every item on and around every inmates bunk area. We do not read any legal mail, we are looking for contraband and drugs.   This shakedown was started becasue there was pruno in your unit.     We did remove the meth we found near your legal paperwork on your bunk and all the staples from all paperwork in your possession.   We also took note that some of your legal paperwork was found on Escamillas bunk.    Sgt. Keagle

# Request Report - CLOSED

| | | | |
|---|---|---|---|
| Request Number: | 1228617 | Submitted: | 5/10/20 12:13 pm |
| Inmate Number: | 012887 | Type: | GRIEVANCES |
| Inmate Secondary Number: | | Sub Type: | GRIEVANCES |
| Inmate Name: | ALVAREZ, ALBERTO | | |

Initial Location: YDOC-MJ ANNEX C ANNEX C        Current Location: YDOC-MJ 4-B 4-B Room 05

Stamp   Action Detail                                                    User

**5/10/2020 12:13:09PM**
ORIGINAL REQUEST:
1228611 REQUEST RESPONSE/ WTF??? YOU FOUND METH??? EXCUSE ME KEAGLE?? YOU DID NOT
FIND METH SO QUIT YOUR LYING. KEEP MY NAME OUT OF YOUR MOUTH WITH SUCH ACCUSATIONS. I
DEMAND TO SPEAK WITH THE DIRECTOR. AND MEDICAL. YOU WILL NOT BE SLANDERING MY NAME
LIKE THIS. I DEMAND A COPY OF KITE NUMBER 1228611 AND FOR THIS KITE

**5/10/2020 6:30:50PM**                                          MBLAKE
USER ASSIGNED CHANGED
FROM <UNASSIGNED> TO [BSPLAWN] Splawn, Bill

**5/11/2020 8:49:58AM**                                          BSPLAWN
CLOSED:
Mr Alvarez, I reviewed the reports from the shakedown. I also reviewed your previous kites. You were found with
multiple contraband items in your property.   If you like a copy of previous kites you can send an additional kite to
records. Lt. Splawn

**Request Report - CLOSED**

| | | | | |
|---|---|---|---|---|
| Request Number: | 1228872 | | Submitted: | 5/11/20  9:24 pm |
| Inmate Number: | 012887 | | Type: | GRIEVANCES |
| Inmate Secondary Number: | | | Sub Type: | GRIEVANCES |
| Inmate Name: | ALVAREZ, ALBERTO | | | |

Initial Location: YDOC-MJ 4-B 4-B ROOM 12          Current Location: YDOC-MJ 4-B 4-B Room 05

| Stamp | Action | Detail | User |
|---|---|---|---|

**5/11/2020  9:24:58PM**
ORIGINAL REQUEST:
THE YAKIMA CORRECTIONS JAIL REFUSES TO UA ME AFTER SUPPOSIBLY FINDING DRUGS UNDER MY BED. IF ANY SUCH ITEMS WERE FOUND THESE WERE CLEARLY PLANTED AND I DEMAND EVIDENCE OF SUCH ACCUSATIONS AS WELL AS CERTIFIED LAB TESTS DONE. I DEMAND AN IMPARTIAL HEARING WITH AN ATTORNEY PRESENT AND VIDEO FOOTAGE OF ANYTIME BEFORE AND DURING ALLEGED CONTRABAND WAS FOUND.

**5/12/2020  7:28:23AM**                                           KLIPP
USER ASSIGNED CHANGED
FROM <UNASSIGNED> TO [MKEAGLE] Keagle, M

**5/13/2020  7:56:23AM**                                           MKEAGLE
CLOSED:
Mr. Alvarez, You were not charged with using drugs just having them in your housing area, so a UA is irrelevant. This is an in-house hearing done by a team other than the team that found the drugs so it will be impartial.  As described in the inmate handbook inhouse disciplinaries are not allowed to have an attorney present.   If at any time you are charged criminally you can then have an attorney.  If you want any video, you will have to go through public disclosure just like anyone else.  Hope this answers your questions.     Keagle

**Request Report - CLOSED**

| | |
|---|---|
| Request Number: 1228873 | Submitted: 5/11/20 9:26 pm |
| Inmate Number: 012887 | Type: MEDICAL |
| Inmate Secondary Number: | Sub Type: MEDICAL REQUEST |
| Inmate Name: ALVAREZ, ALBERTO | |

Initial Location: YDOC-MJ 4-B 4-B ROOM 12          Current Location: YDOC-MJ 4-B 4-B Room 05

Stamp  Action  Detail                                         User

5/11/2020  9:26:04PM
  ORIGINAL REQUEST:
    CORRECTIONS OFFICERS REFUSE TO UA ME REGARDING ALLEGED DRUGS FOUND UNDER MY
    MATTRESS. I AM KITING YOU TO MAKE RECORD OF THIS FOR MY ATTORNEY

5/12/2020  2:40:35AM                              ACOX
  RESPONSE:
    Noted

5/12/2020  2:40:50AM                              ACOX
  CLOSED:
    <NO COMMENT GIVEN>

| Request Number: | 1228874 | | Submitted: | 5/11/20 9:27 pm |
| Inmate Number: | 012887 | | Type: | GRIEVANCES |
| Inmate Secondary Number: | | | Sub Type: | GRIEVANCES |
| Inmate Name: | ALVAREZ, ALBERTO | | | |
| Initial Location: | YDOC-MJ 4-B 4-B ROOM 12 | | Current Location: | YDOC-MJ 4-B 4-B Room 12 |

| Stamp Action Detail | | User |
| --- | --- | --- |

5/11/2020  9:27:09PM
    ORIGINAL REQUEST:
        1228611 REQUEST/ REQUESTING PAPER COPIES OF REQUEST NUMBER 1228611

5/12/2020  7:28:52AM                                     KLIPP
    GROUP ASSIGNED CHANGED
        TO LEGAL RECORDS REQUEST/ARCHIVES

5/12/2020  8:46:46AM                                     KTREVINO
    RESPONSE:
        Mr. Alvarez, a copy of that request will be provided.

        Trevino, CR16

**Request Report - OPEN**                                        Printed 5/19/2020 9:59:50AM

| | | | |
|---|---|---|---|
| Request Number: | 1229653 | Submitted: | 5/15/20  4:27 pm |
| Inmate Number: | 012887 | Type: | LEGAL RECORDS RE |
| Inmate Secondary Number: | | Sub Type: | LEGAL RECORDS RE |
| Inmate Name: | ALVAREZ, ALBERTO | | |

Initial Location: YDOC-MJ 4-A 4-A ROOM 05          Current Location: YDOC-MJ 4-B 4-B Room 05

| Stamp | | |
|---|---|---|
| Action Detail | | User |

5/15/2020  4:27:16PM
ORIGINAL REQUEST:
REQUESTING 2X COPIES OF SECTION 83 CIVIL PACKETS. 6X EASTERN DISTRICT SUMMONS. LEGAL LINE PAPER. AND A COPY OF MY JAIL INMATE ACCOUNT FUNDS

5/15/2020  4:50:35PM
INMATE RESPONSE:
REQUESTING YAKIMA COUNTY LEGAL DEPARTMENT MAILING ADDRSS. FREEBURG, CHOATE, AND CHOATES OFFICERS WHO WORKED IN C TANK ANNEX ON 5/10/2020 NAME AND BADGE NUMBER.

5/15/2020  4:52:05PM
INMATE RESPONSE:
1228617

5/15/2020  4:52:38PM
INMATE RESPONSE:
1228272

5/15/2020  4:55:35PM
INMATE RESPONSE:
PLEASE PRINT KITES AND SEND THEM TO ME

5/15/2020  4:56:07PM
INMATE RESPONSE:
1228872

5/16/2020  8:49:55AM
INMATE RESPONSE:
1228873

5/18/2020  9:59:45AM                              KTREVINO
RESPONSE:
Mr. Alvarez, two copies of 42 USC 1983 forms, 6 Summons in a Civil Action forms, lined paper, copy of your Inmate Balance History, one copy of kites requested will be provided.
Yakima County Corporate Counsel Division
128 N 2nd St., Room 211
Yakima, WA 98901

Trevino, CR16



*Yakima County, Washington*
# DEPARTMENT OF CORRECTIONS
Office of
*Lt. Bill Splawn*
*Care and Custody Division*

To: Alberto Alvarez
From:  Lt Splawn
Date: 5/18/2020
Ref: Appeal

Mr Alvarez,

I have had a chance to review your case and look at the evidence.  In addition, I find you were given due process regarding this incident.  I will not be overturning your sanctions.  If you wish to see the reports, you are free to file a Public Disclosure Request with Yakima County.

Lt Splawn

# Yakima County Department of Corrections

*Disciplinary Hearing Decision*

| Inmate name: | Alberto Alvarez |
|---|---|
| Booking #: | 20J-01717 |
| Today's date: | 05-14-2020 |
| Incident #: | 200510J01 |
| Hearing Sergeant: | Sergeant Blake J13 |

You have been found guilty of the following infraction(s):

314 Possessing or concealing drugs or drug paraphernalia
235 Possessing tattooing materials.

| Rule #: | 314 | Plea | | Not Guilty | Finding | Guilty | |
|---|---|---|---|---|---|---|---|
| Rule #: | 235 | Plea | | Not Guilty | Finding | Guilty | |

For each guilty finding, the evidence relied on for the finding is:

During our hearing you told the board (in summary) that you had several lawsuits filed against another law enforcement agency, that you did not have any tattoos, and were refused a drug test.  You requested we review the camera suggesting that the items were placed in your bunk by someone else.  The board did review the video per your request.


The board found that the lawsuits against other agencies have no bearing on these issues and no one would seek retaliatory remedies for an outside agency.  Your lack of tattoos would not prove innocence regarding the possession of tattoo materials and a negative drug test would not have proven innocence on the possession of drugs—only that you did not use them.  The video review showed you in your bunk until the shakedown and no other inmates were around your bunk at any time when you were not present.  You bunk was right in front of the camera and it was easy to see the officer searching as he was facing the camera.  He did not appear to read any of your paperwork--as he was going through the search at a steady pace--and you could see on camera that he did not place anything in your bunk area.
The board relied on the video showing that no one placed anything in your bunk and the reports that stated the drugs and tattoo materials were located in your property for the finding of guilty for both infractions.

# Yakima County Department of Corrections

*Disciplinary Hearing Decision*

| Rule #: | 314 & 235 | Sanction Imposed | 30 days IMU/15 suspended **total** for both infractions |
|---------|-----------|------------------|---------------------------------------------------------|

| Date: 05/14/20 | Hearing Officer:  Cpl. Macias J149 |
|----------------|-------------------------------------|
| Date: 05/14/20 | Head of Hearing Board: Sergeant Blake J13 |

You have the right to appeal this decision to a Division Chief, should you wish to appeal, your appeal must be submitted in writing within 15 days of the time this Notice of Decision was served upon you.  Failure to submit an appeal within this time limit is grounds for denying the appeal.

Filing a federal lawsuit against county Jail. This is selective prosecution. I Demand to see evidence and written report. I have legal action and you will waste Tax payer money defending action. I demand a new hearing immediately.

3-15-2020